# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ANTHONY D. BRAND,                          )
                                           )
                Petitioner,                )
                                           )
v.                                         )          Case No. 4:22-cv-00946-MTS
                                           )
HEATHER COFER,[1]                          )
                                           )
                Respondent.                )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Anthony D. Brand's Petition under 28 U.S.C. § 2254 for writ of habeas corpus. For the following reasons, Petitioner's § 2254 Petition is denied.

## I.    Procedural History

In May of 2016, Petitioner was convicted after a jury trial of robbery in the first degree, armed criminal action, stealing over $500, tampering with a motor vehicle, and resisting arrest.[2] On July 8, 2016, Petitioner was sentenced to consecutive terms of imprisonment totaling 25 years. On February 20, 2018, the Missouri Court of Appeals for the Eastern District ("court of appeals") reversed in part and remanded for resentencing.[3] *State v. Brand*, 544 S.W.3d 284 (Mo. App. E.D. 2018). Petitioner had set forth arguments on direct appeal relating to restriction of cross-examination, the trial court's use of the hammer instruction, and his conviction for felony stealing rather than a misdemeanor, because the sentencing enhancement provisions of the Revised Statutes

---

[1] Petitioner is currently housed at the Potosi Correctional Center, located in Mineral Point, Missouri. Pursuant to Rule 2(a) of the Rules governing Section 2254 Cases in the United States District Courts, Heather Cofer is **SUBSTITUTED** for Michele Buckner as the Respondent.  The Clerk of Court shall be directed to mail a copy of this Memorandum and Order to Petitioner at the address on file, and the Potosi Correctional Center.

[2] On appeal, stealing over $500 was resentenced as a misdemeanor. Doc. [1] at 1.

[3] The conviction of the class C felony of stealing was reversed and the sentence vacated for resentencing as a misdemeanor. Doc. [19-3].

of Missouri § 570.030.3 only apply to "any offense in which the value of property or services is an element," and value is not an element of stealing under the Revised Statutes of Missouri § 570.030.1. Doc. [19-1]. Petitioner subsequently filed a motion under Supreme Court of Missouri Rule 29.15 for post-conviction relief, alleging that both Petitioner's trial counsel and appellate counsel were ineffective. Petitioner alleged his trial counsel was ineffective: (1) for failing to challenge joinder, or in the alternative, failing to file a motion to sever the charges; (2) for failing to present evidence of a statement written by Petitioner denying involvement in the robbery and confessing to the stealing; and (3) for failing to interview, properly investigate, subpoena, and call a witness. Petitioner alleged his appellate counsel was ineffective for failing to raise a claim on direct appeal that the trial court erred in prohibiting cross-examination of a police officer, Detective Stephen Walsh ("Det. Walsh"), about statements made by Petitioner regarding the robbery and stealing. After an evidentiary hearing, the motion court denied Petitioner's Rule 29.15 motion. The court of appeals affirmed the denial of Petitioner's motion for post-conviction relief. *Brand v. State*, 631 S.W.3d 697 (Mo. App. E.D. 2021). On September 8, 2022, Petitioner filed this action for habeas relief. Doc. [1].

## II.    Factual Background

On January 19, 2015, A pizza-delivery driver ("Victim") was delivering a pizza at approximately 11:30 p.m. when Petitioner approached Victim from behind and said, "That's mine." Doc. [19-3] at 2. Victim turned around to find Petitioner pointing a gun in his face. Doc. [19-7] at 3. Petitioner demanded Victim's money and keys and then drove off in Victim's truck. *Id.* Before Petitioner drove off, Victim was able to see Petitioner's face and build from an arm's length away. Doc. [19-3] at 2. Three days later, Victim saw his stolen truck and called the police. The detectives told Victim not to retrieve the truck. The detectives set up surveillance around the

truck. When the driver of the truck attempted to drive away, the detectives pursued it. The truck was being driven by Petitioner. Petitioner lost control of the vehicle and crashed after driving over spike-strips laid down by the detectives. Doc. [19-7] at 3. Petitioner and a passenger, Carvetta Anderson ("Anderson"), attempted to flee the truck, but police apprehended them and took them into custody. Police found several items within the vehicle that were recently stolen from an Office Max store. *Id.* The next day, Victim identified Petitioner in a lineup. Doc. [19-3] at 2. Petitioner was charged with robbery in the first degree, a class A felony, armed criminal action, an unclassified felony, stealing over $500, a class C felony, tampering with a motor vehicle, a class C felony, and resisting arrest, a class D felony.

Detective Timothy Banks ("Det. Banks"), the detective who oversaw the lineup in which Petitioner was identified, testified at trial regarding Petitioner's identification by Victim. Doc. [19-3] at 3. Although Det. Banks oversaw the lineup and chose the lineup participants, he was not involved in the actual administration of the lineup. On cross-examination at trial, Petitioner's counsel inquired about Det. Banks' familiarity with the policy and protocol surrounding lineups at the St. Louis Metropolitan Police Department. *Id.* The State objected to this question on relevancy grounds. At the bench, the trial court sustained the objection stating that the procedures of the police department were not relevant to what the jury had to decide. *Id.* Defense counsel asked for permission to question Det. Banks on the topic for the purposes of the record, and to attest to the reliability of the officers. The trial court adhered to its ruling. Doc. [19-3] at 3-4.

Verdicts on the counts regarding stealing over $500, tampering with a motor vehicle, and resisting arrest were reached within three hours of the beginning of jury deliberation. The trial court ordered the jury to keep deliberating. Roughly ninety minutes later the jury sent a note stating, "[a]fter continued discussion, the jury remains split with no resolve in sight. What should

3

we do next?" *Id.* at 5. The trial court asked both parties for their input on whether to bring the jury back the next day and issue the hammer instruction. *Id.* The State suggested inquiring further to see if the jury thought further deliberations would be productive without the issuance of the hammer instruction or release the jury and resume deliberations in the morning. Petitioner's counsel requested a response encouraging the jury to continue deliberating. *Id.* The trial court released the jury for the night and resumed deliberation in the morning, at which point the trial court gave the hammer instruction over defense counsel's objection. *Id.* The jury returned a verdict roughly ninety minutes later, convicting Petitioner of all five counts. *Id.*

## III.    Legal Standard

### A.  Claims Reviewed on the Merits

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), though such relief is "limited and deferential." *Lonholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under AEDPA, § 2254(d), habeas relief is only permissible if the state court's determination:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)–(2).

A state court's decision is "contrary to" clearly established Federal law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of the [Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable

manner," *id.* at 141, or "if the state court unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

### B. Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." *Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted).

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland*, 466 U.S. at 696. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect. *Id.* at 100-01. The question is whether there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard. *Id.* at 105. Furthermore, a state court's findings of fact, made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004).

### C. Procedurally Defaulted Claims

In Missouri, a claim must be presented "at each step of the judicial process" to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.1994). To avoid default, a state inmate must have fairly presented his or her claims to the state court during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991). However, a ground that is procedurally barred may be reviewed on the merits if the petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

### IV.    Discussion

Petitioner asserts 6 grounds for relief in his Petition.

**A. Ground 1: Petitioner claims the trial court abused its discretion in precluding Petitioner's trial counsel from questioning Det. Banks on cross-examination about his knowledge of, and adherence to, St. Louis Metropolitan Police Department policies related to identification lineups. Petitioner claims this violated his right to due process, right to present a defense, and right to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.**

The court of appeals determined that Petitioner failed to make an adequate offer of proof to preserve his claim for appellate review, and therefore, reviewed the trial court's decision for plain error.[4] Doc. [1] at 5. Petitioner's trial counsel made an offer of proof regarding the policy and protocol of lineups:

> If I may, just for the purpose of the record, I would request to be permitted to question on this. I think especially in light of the new instruction, all of the factors are to be considered in the reliability of the officers. Isn't that the question? And their credibility is the question.
>
> If they don't even know their own procedures and know what they're doing. I think that's something that the jury needs to know about. I think it's fair game for cross-examination.

Doc. [19-3] at 7. The court of appeals found trial counsel's offer of proof to be deficient because it did not inform the trial court what Petitioner believed Det. Banks' testimony would have been, and that only explaining the purported relevance of the evidence was insufficient to preserve the matter for appellate review. *Id.* at 7-8.

Under plain error review, the court of appeals found that Petitioner did not show there was manifest injustice brought about by the trial court's decision to preclude inquiry into Det. Banks' knowledge, and adherence to, police policies regarding identification lineups. *Id.* at 9. Petitioner's trial counsel questioned the detectives about the circumstances of Victim's identification of Petitioner, general lineup procedures, physical differences of Petitioner and other members of the lineup, and the alleged suggestiveness of the lineup. *Id.* The court of appeals found that

---

[4] A state court's plain error review of a defaulted claim does not cure procedural default. *Clark v. Bertsch*, 780 F.3d 873, 876-77 (8th Cir. 2015).

"[Petitioner] took full advantage of his ample opportunities to challenge the lineup and subsequent identification and aggressively argued the suggestiveness of the lineup to the jury, as well as the failure of the lineup to adhere to the lineup policies and procedures." *Id.* Due to Petitioner's "abundant testimony" on the potential suggestiveness of the lineup that was already introduced, further testimony on Det. Banks' personal knowledge of the department's policies on lineup procedures would have been cumulative and resulted in undue delay. *Id.* at 9-10. Petitioner has not set forth any arguments showing cause or prejudice, or how failure to consider his claim would result in a fundamental miscarriage of justice. Therefore, Ground One is procedurally defaulted and denied.

**B. Ground Two: Petitioner claims the trial court abused its discretion by sua sponte providing the jury with the hammer instruction, in violation of his rights to due process and a fair trial under the Fifth and Fourteenth Amendments of the United States Constitution.**

Petitioner argues that the totality of the circumstances surrounding the sua sponte hammer instruction "virtually required that a verdict be reached," and implied that the trial court would hold the jury until a decision was made. Doc. [1] at 6. The court of appeals looked at the amount of time the jury deliberated before the instruction was given, the amount of time that elapsed between the reading of the instruction and the verdict, and whether the trial court knew numerically how the jury was split and the position of the majority; and whether giving the instruction conformed with the Missouri Approved Jury Instructions Notes on Use. Doc. [19-3] at 11. The court of appeals found that the record did not support a finding that it was an abuse of discretion for the trial court to give the hammer instruction. *Id.* The jury spent around four-and-a- half hours deliberating prior to the administration of the hammer instruction. *Id.* After receiving the hammer instruction, the jury deliberated for another hour-and-thirty-three minutes. *Id.* at 12. The court of appeals also identified numerous Missouri cases wherein far shorter time was spent deliberating

before and after the instruction was given where no coercion was found. *Id.* at 11-12. The record also showed that the trial court knew the jury was having difficulty reaching a unanimous decision, but there is nothing indicating the trial court knew numerically how the jury was split or the position of the majority. *Id.* at 12. Lastly, Petitioner does not claim, nor does the record show, that the trial court deviated from the Missouri Approved Instructions. *Id.* The court of appeal's findings were not contrary to, or involved an unreasonable application of clearly established Federal law, nor did it result in a decision based on an unreasonable determination of the facts in light of the evidence presented in the proceeding. Ground Two is denied.

**C.   Ground Three: Petitioner argues the state motion court clearly erred in denying his claim that trial counsel was ineffective for failing to file a motion to sever, or in the alternative, for failing to challenge the joinder of the offenses, denying him of his rights to effective assistance of counsel and due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.**

Petitioner claims that the state motion court clearly erred by not finding trial counsel ineffective for failing to file a motion to sever the robbery and armed criminal action charges regarding the incident with the pizza delivery driver from the other three offenses. Doc. [1] at 7. The court of appeals noted that under Missouri law, joinder and severance in a criminal case involves a two-step analysis. *State v. Pasteur*, 9 S.W.3d 689, 693 (Mo. App. S.D. 1999); *State v. McKinney*, 314 S.W.3d 339, 341-42 (Mo. banc 2010). First, the court must decide whether the offenses were properly joined. *Pasteur*, 9 S.W.3d at 693. If it is determined that joinder was not proper, then severance is mandatory due to a presumption of prejudice. *State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc 1998). If joinder was proper, the court goes on to the second step to determine whether to use its discretion and nonetheless sever the offenses. *Pasteur*, 9 S.W.3d at 693. The court of appeals addressed the claims regarding joinder and severance separately because each addresses a different question.

9

### I.    Joinder

The court of appeals noted that a defendant does not have a constitutional right to be tried on each offense individually. Doc. [19-7] at 6. Supreme Court of Missouri Rule 23.05 provides that "all offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts." Additionally, the Revised Statutes of Missouri, § 545.140.2, states that "two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged … are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Petitioner claims trial counsel should have challenged the joinder of the offenses because the offenses "occurred on different days at different locations, and without any similar or same tactics or based on acts that were part of the same transactions connected or part of a common scheme or plan in the commission of the multiple offenses as required for proper joinder." Doc. [19-7] at 7. Petitioner argued that since the same or similar tactics were not used to commit both the robbery and the stealing at Office Max, joinder was improper. *Id.* The court of appeals found that Petitioner's argument failed to take into account all the provisions for joinder and ignored that joinder is permitted when offenses are "connected."[5] *Id.* The court of appeals determined that the charges of "the Office Max stealing, the tampering, and the resisting arrest are logically and

---

[5] The Supreme Court of Missouri has previously defined "connected" for purposes of reviewing appropriateness of joinder as meaning "[j]oined; united by junction, by an intervening substance of medium, by dependence or relation, or by order in a series." *Morrow*, 968 S.W.3d at 109 (internal citations omitted).

sequentially joined as part of a series to the robbery of the pizza delivery driver." Doc. [19-7] at 9. It was through the investigation of the robbery of the pizza delivery driver that the police set up surveillance and pursued the stolen truck to the Office Max. *Id.* Upon arrest for the robbery, the officers found the stolen Office Max merchandise inside the truck. *Id.* Therefore, the court of appeals held that the stolen Office Max merchandise "was part of a series of events leading to the charges themselves" and was connected to the robbery and armed criminal action charges in a manner that allowed proper joinder. *Id.* The court of appeals determined that since the offenses were properly joined, counsel could not be ineffective for failing to challenge the joinder. *Id.*

## II.    Severance

Under Missouri law, even if joinder is proper, the trial court may still sever the charges. *McKinney*, 314 S.W.3d at 342; Rule 23.07. The decision of whether or not to grant severance is a decision for the trial court. *McKinney*, 314 S.W.3d at 342. Severance is only proper when the defendant "makes a particularized showing of substantial prejudice if the offense is not tried separately" and the "court finds the existence of bias or discrimination against the part that requires a separate trial of the offense." *Id.* The court of appeals found that Petitioner failed to articulate facts supporting a finding of bias and discrimination requiring separate trials. Doc. [19-7] at 10. At most, Petitioner provided a generalized, hypothetical assertion that "the jury most likely considered [his] presence in the pickup truck at the time of the Office Max, tampering and resisting arrest offenses as evidence he committed the robbery of [the pizza delivery driver]." *Id.* The court of appeals addressed other relevant factors showing that no substantial prejudice existed. None of the five charges were complex, Petitioner had not alleged that the jury was unable to distinguish the evidence and apply the law intelligently to each offense, or that the jury was not properly instructed to return separate verdicts for each charged offense. *Id.* The court of appeals found that

11

Petitioner had failed to allege any facts showing substantial prejudice that would justify severance, had such a motion been filed. *Id.* Therefore, the court of appeals found that Petitioner failed to prove that trial counsel's performance fell below an objective standard of reasonableness or that he suffered an adverse effect from his counsel's performance.

Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on his claim regarding trial counsel's ineffective assistance regarding joinder and severance. Petitioner has not shown a reasonable probability that the outcome of the trial would have been different, or that the court of appeals' decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision based on an unreasonable determination of the facts in light of the evidence. Ground Three is denied.

**D.  Ground Four: Petitioner argues that the state motion court clearly erred in denying his claim that trial counsel was ineffective for allegedly failing to present evidence of Petitioner's written statement explaining how he came into possession of the vehicle and confessing to stealing, denying him of his rights to effective assistance of counsel and due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.**

Petitioner had a written statement from a police interview in which Petitioner allegedly confessed to the stealing of the Office Max merchandise but denied involvement in the robbery. Doc. [1] at 8. In the written statement, Petitioner alleged that he obtained the truck as a "drug rental."[6] *Id.* Petitioner believed the statement was admissible as a statement against interest and claims that trial counsel should have called him and Det. Walsh, the officer who interviewed Petitioner after he was taken into custody, as witnesses at trial to testify about the statement.[7] *Id.* Petitioner further claims that he was prejudiced by trial counsel's failure to present evidence of the written statement because it would have provided him with a viable defense against the robbery

---

[6] Trial counsel explained that a "drug rental" is a term used when a person trades drugs for a vehicle. Doc. [19-7] at 11.
[7] The record shows Petitioner elected to not testify at trial. Doc. [19-7] at 12.

charge. *Id.* The motion court denied Petitioner's claim without a hearing, concluding that the statement denying any participation in the robbery was "self-serving hearsay." Doc. [19-7] at 12. The motion court reasoned that the part of the statement where Petitioner admitted to stealing was the only admissible portion of the written statement.[8] *Id.*

The court of appeals found that trial counsel did try to present evidence of Petitioner's statement at trial by attempting to cross-examine Det. Walsh regarding the statements made during the interview. *Id.* However, the trial court sustained the State's objection, precluding trial counsel from asking the detective about Petitioner's statements. *Id.* Trial counsel then made an offer of proof utilizing the police report and Petitioner's written statement. *Id.* The court of appeals found that trial counsel's actions refuted Petitioner's ineffective assistance claim. *Id.* Additionally, the court of appeals found that even if trial counsel had failed to offer the written statement as evidence, Petitioner would not be entitled to relief because the written statement was self-serving hearsay and would not have been admissible. *Id.* at 13. Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on this claim. Petitioner has not shown how the court of appeals' decision was contrary to, or involved an unreasonable application of *Strickland*, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the proceeding. Ground Four is denied.

**E. Ground Six: Petitioner argues the state motion court clearly erred in denying his claim that appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred in refusing to allow trial counsel to cross-examine Det. Walsh about statements he made explaining how he came into possession of the vehicle and confessing to stealing, denying him of his rights to effective assistance of counsel and due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.**

---

[8] The motion court determined that the portion of the statement denying involvement in the robbery would not be admissible under the rule of completeness. Doc. [19-7] at 12.

Ground Six is related to Ground Four. Petitioner claims that appellate counsel was ineffective for failing to assert that the trial court erred in prohibiting trial counsel from cross-examining Det. Walsh about the written statement in which Petitioner denied involvement in the robbery and confessed to the stealing offense. The court of appeals found that, as addressed above, "the record conclusively shows that [Petitioner] showed neither deficient performance nor prejudice, and thus is entitled to no relief." Doc. [19-7] at 14. Petitioner's statements were not admissible, and any claim on appeal regarding the exclusion of Petitioner's statements would not have been meritorious. *Id.* at 15.

Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on his claim. Petitioner has not shown a reasonable probability that the outcome of the trial would have been different, or that the court of appeals decision was contrary to, or involved an unreasonable application of clearly established Federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the proceeding. Ground Six is denied.

**F. Ground Five: Petitioner argues the state motion court clearly erred in denying his claim that trial counsel was ineffective for failing to interview, properly investigate, subpoena, and call Anderson. Petitioner claims this denied him of his rights to effective assistance of counsel and due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.**

Petitioner alleges that the motion court erred by in denying his claim that trial counsel was ineffective for failing to interview, properly investigate, subpoena, and call Anderson to testify that Petitioner obtained the pizza delivery driver's truck as a "drug rental" from a person named "Slim." Doc. [1] at 9. Petitioner argues that Anderson's testimony would have provided him with a viable defense at trial, and that trial counsel incorrectly concluded that Anderson did not have

14

first-hand knowledge of how Petitioner obtained the truck and "a mistaken belief by trial counsel is not a reasonable strategy." *Id.* at 9, 16-17.

At the evidentiary hearing, both trial counsel and Anderson testified. Anderson testified that Petitioner obtained the pizza delivery driver's truck as a "drug trade" from an individual named "Slim." Doc. [19-7] at 16. She testified that arrangements for the transaction between "Slim" and Petitioner were made via text on her phone. *Id.* According to Anderson, Petitioner took possession of the truck the morning he was arrested, and she witnessed the transfer of the keys. *Id.* Anderson testified that she told Petitioner's trial counsel the same thing when she was interviewed and that she would have testified to those facts at trial. *Id.*

Trial counsel testified at the evidentiary hearing that he interviewed Anderson to determine if she had information to assist in the defense. Doc. [19-7] at 15. Trial counsel asked Anderson if she knew anything about how Petitioner came into possession of the truck. *Id.* Trial counsel testified that throughout the course of the interview, it became apparent that Anderson did not have any direct or first-hand knowledge about the drug rental or how Petitioner obtained the truck. *Id.* Trial counsel concluded that everything Anderson knew came from Petitioner himself, and therefore, was not helpful in forming a defense. *Id.* Furthermore, trial counsel stated that he did not recall Anderson saying that she witnessed the drug rental or that "Slim" texted her to make arrangements for the transfer of the truck from "Slim" to Petitioner. *Id.* at 16. Trial counsel testified that after speaking with Anderson, reviewing his notes, and reflecting on what Anderson had said, he decided not to call her as a witness because he did not find her helpful for the defense since she had no first-hand knowledge about how Petitioner possessed the vehicle. *Id.*

The motion court denied Petitioner's claim, finding that trial counsel was credible, and Anderson was not credible. *Id.* In reaching this conclusion, the motion court also noted that the

pizza delivery driver had identified Petitioner as the man who took his truck, had given a clear description of the person that robbed him, and had picked Petitioner out of a lineup. *Id.* The court of appeals noted that although Petitioner accepted as true Anderson's testimony that she witnessed the "drug rental," the motion court did not find Anderson to be credible. The court of appeals deferred to the motion court's finding that trial counsel's testimony at the evidentiary hearing was credible, and that counsel's decision was a matter of trial strategy. *Id.* The court of appeals found that trial counsel's decision to not call Anderson was not unreasonable, given the pizza-delivery driver's clear identification of Petitioner and trial counsel's evaluation that Anderson lacked first-hand knowledge of how Petitioner obtained the truck. Doc. [19-7] at 19. Petitioner did not show a reasonable probability that the outcome of the trial would have been different if trial counsel had called Anderson as a witness.

Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on his claim. The court of appeals' decision that the motion court did not err in denying Petitioner's claim of ineffective counsel was not contrary to, or involved an unreasonable application of *Strickland*, or result in a decision based on an unreasonable determination of the facts in light of the evidence presented in the proceeding. Ground Five is denied.

## <u>CONCLUSION</u>

Accordingly, all of Petitioner's Grounds for relief are denied.

**IT IS HEREBY ORDERED** that the Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 26th Day of September, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE